**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                                   Case No.  6:00-cr-75-Orl-22

**JOSE FIGUEROA**
_____

## ORDER

This cause comes before the Court for consideration of Defendant's Motion for Modification of Sentence (Doc. 93), to which the Government has responded (Doc. 101).  Jurisdiction to grant a sentence reduction in this case is derived from Title 18, United States Code, section 3582, which provides, in part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant seeks a reduction in his sentence by operation of Amendment 599 to the United States Sentencing Guidelines.[1]  Amendment 599 altered USSG §2K2.4, the Guideline applicable to use of a firearm, armor-piercing ammunition or explosive during the commission of certain other crimes.  In relevant part, the amendment limited the circumstances under which courts could apply Guidelines weapons enhancements to Defendants separately convicted under 18 U.S.C. § 924(c),

---

[1] Amendment 599 is a retroactive amendment that became effective on November 1, 2000, less than two weeks after Defendant was sentenced.

which imposes penalties for using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime.

Defendant was convicted of one count of conspiracy to possess with intent to distribute heroin and cocaine hydrochloride and one count of possession with intent to distribute heroin. *See* Doc. 48. At sentencing, Defendant received a two-level enhancement under USSG §2D1.1 for possession of a dangerous weapon. Notably, Defendant was not convicted of a separate firearms offense under 18 U.S.C. § 924(c), nor was his sentence based in any part on USSG §2K2.4. This fact renders the Guidelines changes effected by Amendment 599 inapplicable to Defendant's case. Therefore, because Defendant's sentencing range was not subsequently lowered by Amendment 599, the Court does not have jurisdiction to grant his present request for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Based on the foregoing, it is **ORDERED** that Defendant's Motion for Modification of Sentence (Doc. 93) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 26, 2008.

Copies furnished to:

Counsel of Record
Jose Figueroa

ANNE C. CONWAY
United States District Judge