UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:00-cr-75-ACC-DCI

JOSE FIGUEROA

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 18 U.S.C. § 3742(e)

The United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, hereby respectfully requests that the Court deny the defendant's motion.

The defendant makes a confusing and disjointed argument regarding a challenge to his underlying sentence from 2000. It appears the defendant is arguing that the Court somehow erred in applying the guidelines to his case and incorrectly determined that he was a career offender when he was sentenced due to his prior convictions being mischaracterized. However, apart from providing what appears to be a printout of his criminal history from Pennsylvania, the defendant has not provided this Court, or the United States, with sufficient information to challenge his sentence. Moreover, the defendant has had the benefit of a direct appeal, as well as two §2255 motions. It appears the defendant raised this issue in previous filings with this Court and the Eleventh Circuit as well. Each of those pleadings were denied. *See* Docs. 102, 120.

In addition, the defendant has moved for relief under 18 U.S.C. § 3742(e). That statute addresses the court of appeals providing for relief and not the district court. Further, district courts have "no inherent authority" to modify a prison sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). Instead, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed. R. Crim. P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Rule 35(a) provides that within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. That is not the case here.

Therefore, for the reasons listed above, it appears the defendant's claims have already been adjudicated and the doctrine of *res judicata* applies and this Court has no authority to provide the relief requested. As a result, the defendant's motion should be denied with prejudice.

        Respectfully submitted,

        KARIN HOPPMANN
        Acting United States Attorney

By:  */s/ Shawn P. Napier*
    Shawn P. Napier
    Assistant United States Attorney
    USA No. 132
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone:(407) 648-7500
    Facsimile:(407) 648-7643
    E-mail: Shawn.Napier@usdoj.gov

U.S. V. JOSE FIGUEROA                    Case No. 6:00-cr-75-ACC-DAB

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2021, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Jose Figueroa #24107-018
Federal Detention Center
P.O Box 562
Philadelphia,   PA 19105

                                         */s/ Shawn P. Napier*
                                         Shawn P. Napier
                                         Assistant United States Attorney
                                         USA No. 132
                                         400 W. Washington Street, Suite 3100
                                         Orlando, Florida 32801
                                         Telephone:(407) 648-7500
                                         Facsimile:(407) 648-7643
                                         E-mail:   Shawn.Napier@usdoj.gov