UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CASE NO: 6:00-cr-75-ACC-DCI

JOSE FIGUEROA

### ORDER

This cause comes before the Court on Defendant Jose Figueroa's pro se "Motion to File A 18 U.S.C.A. § 3742(e)" (Doc. 131) and the Government's Response (Doc. 133) in opposition. The Government argues that Defendant's Motion containing confusing and disjointed arguments challenging his underlying sentence from 2000 should be denied because his claims have already been adjudicated and the doctrine of *res judicata* applies.

### I.     Background

On May 9, 2000, Defendant and others were charged in a three-count indictment with committing various crimes. (Doc. 19). Defendant was charged with one count of conspiracy to possess with intent to distribute cocaine hydrochloride and heroin hydrochloride (count one) and one count of possession with intent to distribute and distribution of heroin hydrochloride (count two). Pursuant to a written plea agreement filed July 31, 2000, Defendant entered pleas of guilty to both counts. (Doc. 33). On October 23, 2000, the Court accepted his pleas and sentenced him to

concurrent 125-month terms of imprisonment as to each count (Doc. 48). Defendant did not file a direct of appeal of his convictions or sentences.

On September 27, 2001, Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 53); *see* Case No. 6:01-cv-1128-Orl-22DAB. On December 14, 2001, the motion was denied and the case was dismissed without prejudice (Doc. 66). On July 3, 2002, the Court received a letter from Defendant indicating that he had been assisting law enforcement in an effort to obtain a sentence reduction. (Doc. 67). The letter was construed as a motion for reduction of sentence. After obtaining a response from the Government, on July 29, 2002, the Court denied the motion for reduction of sentence with leave to refile another motion with more specific facts. (Doc. 70).

Defendant subsequently filed an application with the Eleventh Circuit Court of Appeals seeking authorization to file a second or successive § 2255 motion. Because Defendant's earlier § 2255 motion was dismissed without prejudice, the appellate court denied the application as unnecessary on December 17, 2003. (Doc. 72).

Defendant then filed a second § 2255 motion, which was assigned Case No. 6:03-cv-1866-Orl-22DAB (Doc. 73). On January 18, 2005 and April 25, 2005, Defendant filed two additional motions to vacate under § 2255 (Docs. 78, 81); Case Nos. 6:05-cv-105-22DAB & 6:05-cv-619-22DAB. Following review of Defendant's claims, the Court dismissed these § 2255 motions because they challenged

Defendant's same October 20, 2000 judgment of conviction and ordered that all of his claims challenging his conviction be prosecuted in Case No. 6:03-cv-1866. (Doc. 83). The challenges to his October 23, 2000 judgment of conviction were denied and his case was dismissed with prejudice on May 15, 2005. (Doc. 85; Case No. 6:03-cv-1866-22DAB (Doc.16)). While his second § 2255 motion was pending, on January 24, 2005, Defendant also filed a "Motion re: New Ruling of the Supreme Court" (Doc. 79) and a motion to modify and correct sentence under 18 U.S.C. § 3582(c)(2) (Doc. 80). Both of these motions were also denied on May 15, 2005. (Doc. 84).

On February 27, 2006, Defendant filed a subsequent motion for reduction of sentence pursuant to Title 3582(c)(2) based on the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738, 746 (2005). (Doc. 87). The Court denied this third Motion on December 28, 2006. (Doc. 92).

## II.   Analysis

As the Government notes, it appears Defendant is now arguing that the Court erred in applying the sentencing guidelines to his case and in determining that he was a career offender at the time he was sentenced on October 23, 2000. The Government contends that, apart from providing what appears to be a printout of his criminal history from Pennsylvania, Defendant has not provided sufficient information to challenge his sentence at this juncture and he has already had several opportunities to challenge his sentence. The Government argues in addition that this

Court has no authority to provide the relief requested under the statute Defendant cites, 18 U.S.C. § 3742(e), which specifically addresses relief from the court of appeals and not the district court. Section 3742(e), governing "Review of a Sentence," provides that the "*court of appeals*"—not the district court who imposed the sentence—shall review the record and determine whether a sentence is deficient under the statute's criteria. 18 U.S.C. § 3742(e).

The Government further contends that, to the extent Defendant may be requesting relief from his sentence generally, district courts lack the "inherent authority" to modify a prison sentence which is "narrowly limited by statute." (Doc. 133 at 3 (quoting *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); (citing *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"); *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) (same)).

Defendant has filed a series of motions seeking reduction of his sentence on various grounds. Defendant has argued in at least one of those § 2255 motions, filed the most recently on March 25, 2020, that his sentence was improperly enhanced because "his prior conviction for voluntary manslaughter was not a felony" and "he never had possession of a firearm at all." (Doc. 119; Case No. 6:20-cv-1775-ACC-DCI (§ 2255 petition)). The Court previously denied this request for relief under § 2255 with respect to his October 23, 2000 sentence and conviction. (*Id.*). When Defendant filed a second or successive § 2255 application asserting the same

arguments, it was dismissed without prejudice to be filed in the Eleventh Circuit Court of Appeals. (Doc. 119). The Eleventh Circuit subsequently denied Defendant's motion to proceed on appeal *in forma pauperis*, finding that appeal to be frivolous. (Doc. 125).

In the instant Motion, Defendant attempts to challenge, once again, enhancements to his October 23, 2000 sentence for a prior conviction and a firearm possession. (Doc. 131). The Court has already declined to consider these identical arguments because Defendant was not authorized to file a second or successive § 2255 motion, and that result remains unchanged. (*See* Doc. 119 at 3).

Based on the foregoing, it is ordered as follows:

1. Defendant Jose Figueroa's "Motion to File A 18 U.S.C.A. § 3742(e)" (Doc. 131) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 19, 2021.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Magistrate Judge
United States Marshals Service

United States Probation Office
United States Pretrial Services